JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50001 | **DATE** | 12/13/2004 |
| **CASE TITLE** | | Foote vs. Houi | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion for summary judgment and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| X | Notices mailed by judge's staff. | | | | 72 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| X | Mail AO 450 form. | | | | |
| X | Copy to judge/magistrate judge. | | | 12-13-04 date mailed notice | |
| | LC | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Darrion Foote, filed a third- amended complaint against defendants, Sheriff Richard Meyers and correctional officers Eddie Houi, Mike Cram, Tom Key, and Clyde Mangrum, alleging that while he was a pretrial detainee at the Winnebago County Jail he was denied the right to practice his religion based on jail regulations that prohibited his attendance at group religious services during the time he was considered a high security risk, he was denied his due process right to call witnesses and present documentary evidence at two different disciplinary hearings, and he was deprived of his right to medical treatment after being sprayed indirectly with pepper spray. All defendants have moved for summary judgment as to all claims.

To succeed on a motion for summary judgment, a movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Vallone v. CNA Financial Corp., 375 F. 3d 623, 631 (7th Cir. 2004). In making this determination, the court must draw all inferences from the evidence in the light most favorable to the nonmoving party. Vallone, 375 F. 3d at 631.

An inmate is entitled to practice his religion as long as doing so does not unduly burden the institution. Richards v. White, 975 F. 2d 471, 474 (7th Cir. 1992). A prisoner's right to free exercise of his religion must give way to regulations that are reasonably related to legitimate penological goals. Richards, 957 F. 2d at 474. An inmate's religious rights must be balanced against the legitimate penological goals, considering these factors: (1) any legitimate governmental interest underlying the prison's actions; (2) any alternative ways of exercising the right; and (3) any impact that accommodation of the right would have on correctional officers, other inmates, and prison resources. Richards, 957 F. 2d at 474.

In this case, to the extent plaintiff is challenging the regulation itself, defendants are entitled to summary judgment. The regulation at issue prohibits an inmate from attending group religious services if he is considered a certain security risk as was plaintiff here. Under the regulation, however, an inmate retains the right to have some contact with a chaplain, and to possess certain religious materials, including a Bible. This regulation does not facially offend the First Amendment because the government interest in taking measures to minimize an inmate's security threat is legitimate as is avoiding exposing a shackled and handcuffed inmate to other inmates in a group setting. The inmate also retains alternative ways to practice his religion through reasonable access to a chaplain and written materials. Allowing a high risk inmate to attend group services would unnecessarily burden jail resources because extra security would be needed either if the shackles and cuffs were removed or to protect the inmate if they were not. The balance of factors supports the conclusion that the regulation is constitutional.

To the extent plaintiff is claiming the regulation is unconstitutional as applied to him, his claim also fails as a matter of law. The undisputed evidence shows he had contact with a chaplain on at least one occasion and had received religious materials and a Bible from other inmates. Plaintiff has not shown he was denied alternative methods for practicing his religion, and defendants are entitled to summary judgment on that basis as well.

Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals. Piggie v. Cotton, 344 F. 3d 674, 677 (7th Cir. 2003). There is no right to call witnesses where the testimony would be irrelevant, repetitious, or unnecessary. Cotton, 344 F. 3d at 677.

Here, plaintiff's claim based on the two disciplinary hearings fails as a matter of law. Plaintiff admitted at his deposition that he never actually requested to present any witnesses and that he only "implied" that he wanted to by stating there were witnesses. Plaintiff never actually exercised the right to call witnesses. Further, because plaintiff never identified what the witnesses would testify about, jail officials could not assess whether their testimony would be irrelevant, redundant, or unnecessary. Finally, plaintiff has offered no argument or evidence in support of his claim that he was not allowed to present any documentary evidence. Therefore, defendants are entitled to summary judgment on all claims related to the two disciplinary hearings.

That leaves plaintiff's Eighth Amendment claim based on a denial of medical treatment. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates. Boyce v. Moore, 314 F. 3d 884, 888 (7th Cir. 2002). This includes not being deliberately indifferent to an inmate's serious medical needs. Boyce, 314 F. 3d at 888-89. To meet this standard, a plaintiff must establish that his condition was objectively serious and that prison officials acted with deliberate indifference to his medical needs. Boyce, 314 F. 3d at 889.

Here, plaintiff has failed to offer any evidence that he suffered a serious medical need. While he experienced some obvious discomfort from coming in contact with pepper spray, he has not identified any serious medical condition that was either caused, or aggravated, by the spray. The effects of the spray were further minimized by a fan being placed in the cell block as well as plaintiff having access to running water in his cell. While plaintiff argues that no fan was utilized, he admits it could have been placed in a location of which he was not aware. Further, while plaintiff makes much of the fact he did not get a shower, the need for only a shower demonstrates that no serious medical need existed.

Additionally, there is no evidence of any deliberate indifference as Mangrum ordered use of the fan and was aware that plaintiff had access to running water in his cell. Also, while Mangrum allowed the inmates in cell 5 to shower, that was because they were more directly contacted by the spray. Even if he was ultimately incorrect in that belief, his subjective beliefs as to who needed a shower do not show deliberate indifference. Thus, defendants are entitled to summary judgment on all claims based on the denial of medical treatment.

For the foregoing reasons, the court grants defendants' motion for summary judgment in its entirety. Because the court disposes of the motion on these bases, the court need not decide whether the Sheriff and Houi are individually liable as to certain claims.